## LAZARUS USE &C. v. SHEARER.

1. In order to make a written contract made by an agent, binding on the principal *per se*, it should appear to have been made in the name of the latter ; but the form of the signature is unimportant.

2. When it is doubtful from the face of a contract, whether it was intended to operate as the personal engagement of the party signing it, or to impose an obligation upon some third person as his principal, parol evidence is admissible to show the true character of the transaction ; the more especially, if the right of a *bona fide* indorser without notice is not concerned.

3. An authority to the President of a corporation "to make all contracts, and draw on the Treasurer for all disbursements (countersigned by the Secretary) under the direction of the board" does not authorize him to accept a bill without "the direction of the board."

4. Where the acts of one person as the agent of another, are ratified by the principal as being done for him, it will be presumed that the agent acted under a legal authority.

5. Although the principal becomes liable by the adoption of a contract made on *his behalf*, the agent is not discharged, unless he show, that the act was done in the exercise, and within the limits of the powers delegated, or in other words, under a sufficient authority existing *at the time* the contract was made.

6. Where an agent makes a contract in writing, on which he is *prima facie* liable, he may be sued thereon; and it is not necessary to bring a special action on the case against him for having exceeded his authority.

7. A plea which denies that the writing declared on, is the defendant's act *in law*, or insists that it was not intended to impose any legal obligation or duty upon him, must be verified by affidavit : *aliter*, where a mere legal question is raised upon an inspection of the paper, whether the defendant is personally responsible

Writ of error to the County of Dallas.

THE plaintiff declared against the defendant in *assumpsit* as the acceptor of a bill of exchange of the following tenor, viz.:
" Dollars 1276 89.        MOBILE, 24th April, 1838.

On the first day of January, 1839, of this my first of exchange, second of the same tenor and date unpaid, pay Henry Lazarus or bearer twelve hundred and seventy-six eighty-nine one-hundredths dollars, for value received, negotiable and payable at the Bank of Mobile.

           ANDREW ALFRED DEXTER,
               Ch'f Engn'r S. & T. R. R. Co.

To GILBERT SHEARER, Pres't. of the Selma and Tennessee Railroad Company."

The defendant demurred to the declaration. and his demurrer being overruled, he pleaded *non assumpsit*, and the cause was thereupon submitted to the jury. On the trial the plaintiff excepted to the ruling of the Court.

The plaintiff having offered in evidence the bill of exchange, with the acceptance thereon written, the defendant proposed to prove by the drawer, that the bill was drawn by him on the defendant as President of the Selma and Tennessee Railroad Company, for a debt which the company owed the drawer; and that the payee of the bill at the time the same was drawn was fully apprized by the drawer, that it was intended to be drawn upon the defendant as President of the company, and not in his private capacity. To the admission of this testimony, the plaintiff objected; but the Court overruled his objection, and the evidence was permitted to be given to the jury; and thereupon he excepted.

The defendant then proved, that some days after the bill was drawn, he accepted it as shown upon the face of the bill, in the presence of the Treasurer of the company, who charged the amount of the same on the books of the company, to the drawer, but that neither the payee nor his agent was then present. He also gave in evidence the act of the legislature, passed the 22d December, 1836, " to incorporate the Selma and Tennessee Railroad Company," together with so much of the by-laws of the company, as related to the power of the President to make contracts, to draw or accept bills of exchange. The only by-law on the subject is in the following words, " it

shall be the duty of the President to preside at all meetings of the board of directors, to carry on all correspondence on the business of the company, to make all contracts, and draw on the Treasurer for all disbursements (countersigned by the Secretary) under the direction of the board." The defendant was not present when the bill was drawn; and it was proved by the drawer, that this was the only bill he ever knew the defendant to accept for the company; that he did not know of any resolve of the company to authorize him to accept this, or any other bill: but he knew that after its acceptance it was recognized by the board of directors as a debt of the company.

The plaintiff asked the Court to charge the jury that, to make the acceptance of the defendant the act of the company, so as to relieve him from personal liability, he must shew that he had authority by a resolve, or some act of the board of directors, or by the by-laws, or act of incorporation, at the time he accepted the bill to make the acceptance. Which charge the Court refused to give; but charged the jury, that it was immaterial whether the defendant was invested with an authority to accept the bill in the manner deemed necessary by the plaintiff—if it appeared he was acting in a public capacity, he was not personally liable in this action: and as the plaintiff agreed to take the bill on the responsibility of the company, he could not object, that Shearer was not acting in his official capacity. Whether the defendant had authority to accept the bill was a question between himself and the company, and not between himself and the plaintiff, unless his authority was denied by the company. To which refusal, to charge as prayed, and to the charge as given, the plaintiff excepted.

The plaintiff then requested the Court to charge the jury, that the subsequent ratification of the acceptance by the board of directors, would not change the liability to pay the bill from the defendant to the company, unless the plaintiff consented thereto. Which charge the Court refused to give, but charged the jury, that if the plaintiff took the bill, with the understanding, that it was drawn on the company and not on the defendant individually, the plaintiff could not object to the want of authority, if the jury considered from the evidence, that the defendant accepted it as President) of the company—that

the plaintiff cannot insist on the want of authority, if, the company did not dissent from the act of the defendant. To the refusal to charge as prayed, and to the charge as given, the plaintiff excepted.

The Court further charged the jury, that if the plaintiff took the bill, with the understanding that it was drawn on the defendant as President of the company, and it was accepted by him in that capacity, although the President was not the officer generally authorized by the company to accept bills for it, yet if he did so accept, and the company ratified the act, the plaintiff could not complain of his want of authority, and in the absence of fraud, charge him individually.

The Court further charged the jury, that they might infer from the subsequent ratification of the act by the company, that the act had been authorized by it.

A verdict and judgment was rendered in favor of the defendant, and the plaintiff has prosecuted a writ of error to this Court.

CLARKE, for the plaintiff, insisted 1. That the acceptance was by the defendant personally, and not for the company. Those only are to be regarded as parties to a bill, whose names appear upon it, written either by themselves or some one by their authority. [3 D. & E. Rep. 761; 11 Mass. Rep. 97; 6 Binney's Rep. 228; 10 Wend. Rep. 271; 2 Camp. Rep. 308; 14 Maine Rep. 180.] The agent who signs an instrument must show by the act of signing, that he represents another, or he will be personally liable. [Chit. on Bills, Am. ed. of 1839, 321; Combe' case 9, Cokes' Rep; 5 Law Lib. 77; 2 Str. Rep. 705; 2 Ld. Raym. 1418; 6 D. & E. Rep. 176; 2 East Rep. 142; 5 M. & S. Rep. 345; 5 B. & A. Rep. 3; 7 Sergt. & Lowb. Rep. 13; 11 Mass. Rep. 27, 54; 13 Johns. Rep. 307; 1 Marsh. Rep. 545; 9 Porter's Rep. 305.] The words and letters which follow the defendant's name both in the address and in the acceptance of the bill, must be regarded as a *desscriptio personæ*. (5 Mass. Rep. 299; 6 Mass. Rep. 58; 8 Mass. Rep. 103; 9 Johns. Rep. 334; 8 Cowen's Rep. 31; 1 Yeates' Rep. 39; 2 Wheat. Rep. 56; 2 Str. Rep. 955; Cases Temp. Ld. Hardwicke, 1.)

2d. The declaration charged the defendant as acceptor, and to authorize him to shew that he acted on behalf of the company, his plea should have been verified by affidavit.

3d. But even if the plea had been thus verified, evidence to show the circumstances under which the acceptance was made, would be inadmissable ; because it would alter or explain the written contract of the parties.    (Chitty on Bills; 164, 11 Mass. Rep. 27; 2 Porter, 308; 1 Stewt. Rep. 425; Minor's Rep. 365; 1 Com. Dig. 776, note; Story on Agency, 288.)    The knowledge of the payee of the bill, that the defendant was acting for the company, cannot change the rule in this particular. (11 Mass. Rep. 54; 5 Taunt. Rep. 749 ; 14 Maine Rep. 180 ; Story on Agency, 147.)

4th. The subsequent ratification of the defendant's acceptance by the company, if he acted without authority, cannot affect the plaintiff.   (8 Wend. Rep. 494 ; Arfridson v. Ladd, 12 Mass. Rep. 173.)

5th. The County Court certainly mistook the law in refer ing the construction of the written contract to the jury.

EDWARDS, for the defendant, argued, that it was allowable to show by extrinsic proof, that Shearer accepted the bill for the company, and not on his individual account. (1 Phil.Ev. C. & H. ed. 561 ; 3 ibid, 1464; 1 Cow. Rep. 513 ; 5 Wheat. Rep. 326 ; 15 Johns. Rep. 1 ; Story on Agency, 288 ; ibid 146, note; 17 Wend. Rep. 40; 1 Ala. Rep. N. S. 575; 11 Mass. Rep. 97.) Nor was it necessary that the defendant's plea should have been verified by affidavit.   (Aik. Dig. 283.)

The bill of exceptions is confessedly imperfect, and in some respects inconsistent, yet the entire bill should be considered together; and when thus construed, the judgment of the County Court may be sustained.   (11 Mass. Rep. 97 ; Story on Agency, 286.)

Again: if Shearer acted without authority, and no liability was imposed upon the company, he cannot be made liable in this form of action : but the proper remedy against him would be a special action on the case. [11 Mass. Rep. 97 ; 16 Mass. Rep. 462 ; 11 Serg. & R. Rep. 129.]

COLLIER, C. J.—The formality once required in the execution of written contracts, made through the medium of agents is now to a great extent dispensed with. It is however necessary, in order to make it binding upon the principal, *per se*, that it should appear to have been made in his name. The form of the signature is unimportant, it may be either " A. B. by C. D." or " C. D. for A. B." [Stringfellow & Hobson v. Mariott, 1 Alabama Rep. N. S. 573.] But a mere addition to the name of the party signing a contract, cannot be regarded as a certain *indicium*, that it was made on the behalf and account of another. Thus in Allen v. Brockway and others, 17 Wend. Rep. 40, a promissory note in usual form, was made for the payment of two hundred and sixty dollars to the plaintiff. The names of the defendants were subscribed thereto, with the description of " Trustees of Baptist Society" &c. added: It was held that the defendants were *prima facie* personally liable, and the addition was a mere *descriptio personarum*. (See also Hills v. Bannister & Butler, 8 Cow. Rep. 31.)

Where however it is doubtful from the face of the contract, whether it was intended to operate as the personal engagement of the party signing it, or to impose an obligation upon some third person as his principal, parol evidence is admissible to show the true character of the transaction. The Mechanic's Bank of Alexandria v. The Bank of Washington, 5 Wheaton's Rep. 326, is illustrative of this principle. That was an action brought on a check of the following tenor:

" No. 18. Mechanics Bank of Alexandria, June 25th, 1817 —Cashier of the Bank of Columbia—pay to the order of P. H. Minor, Esq. ten thousand dollars.

$10,000                          WM. PATTON, Jr."

On the part of the plaintiff in error, it was insisted that the check not appearing to have been drawn by Wm. Patton in his official character of cashier, parol evidence was inadmissible to show, that the amount paid on it was understood by the parties to be for the benefit of the Mechanics' Bank, &c. But the Court thought it by no means certain that this appeared on its face to be a private check. " on the contrary the appearance of the corporate name of the institution on the face of the paper, at once leads to the belief that it is a corporate, and not

an individual transaction : to which must be added. the circumstances, that the cashier is the drawer and the teller the payee ; and the form of ordinary checks deviated from, by the substitution of *to order* for *to bearer*. But it is enough for the purpose of the defendant to establish, that. there existed on the face of the paper, circumstances from which it might reasonably be inferred, that it was either one or. the other. . In that case it became indispensable. to resort to extrinsic evidence to remove. the doubt." So in the case of Brockway v. Allen, et al. already cited, the defendants made a promissory note, adding to their signature " Trustees of the first Baptist society of the village of Brockport." It was held that, although they were *prima facie*, liable personally ; yet such presumption of liability might be rebutted by proof, that the note was in fact given by the makers, as the agents of the corporation, indicated by their signature; for a debt due by the corporation to the payee, and that they were authorized to make the same as such agents ; and that these facts being known to the payee at the time he received the note, would relieve the defendants from personal responsibility. Such evidence would not however, we apprehend, be admissible against a *bona fide* indorsee of negotiable paper without notice, acquired in the ordinary course of trade.

An inspection of the bill in the case at bar, affords proof quite as satisfactory as that shown in the cases cited, that the plaintiff in accepting it, did not intend to take upon himself a personal liability ; but that he acted officially as the representative of the " Railroad Company." If then, the question was, whether proof in explanation of the transaction, and to remove the doubt were admissible, we should not hesitate to answer it affirmatively. But there. are other questions to be considered, viz : was the defendant authorized at the time of his acceptance, to accept bills for the company; and. if not, can the ratification of the act by the company exempt him from responsibility, according to the terms of the contract ?

In respect to the first question, it has not, nor indeed could it be insisted, that the evidence adduced at the trial shows an authority to the defendant to accept bills for the corporation. He was authorized " to make all contracts, and draw on the

Treasurer for all disbursements (countersigned by the Secretary) under the direction of the board"; but this did not confer on him the power to make contracts for, or otherwise bind, the corporation, without the " direction of the board" of directors.

Where the acts of one person, as the agent of another, are recognized and ratified by the principal as being done for him, it will be presumed that the agent acted under a legal authority; and under such circumstances, it will be competent for the party contracted with, to look to the principal to make good any breach of the agreement. But although the principal becomes liable by the adoption of the contract, it by no means follows, that the agent himself is discharged from responsibility. If the agent would discharge himself, he must show—1. That the act was done in the exercise; and 2. Within the limits of the powers delegated, or in other words, under a sufficient authority existing *at the time* the contract was made. In Rossiter v. Rossiter, 8 Wend. Rep. 494, this precise question arose. There the defendant attempted to show in defence, that he had made the note in question for one Pinchon, who had adopted the act. The Court said : " It was contended on the part of the defendant, that Pinchon had recognized the acts of the defendant subsequently, and thereby his liability on the note was established, even if the authority by the letter of attorney were doubtful; but I apprehend the true question is, whether the defendant had at the time, authority to sign the note, and thereby obligate Pinchon to its payment. The note when executed, was either the note of one or the other : if it was the note of Pinchon, then the defendant was not liable ; if it was not the note of Pinchon, then it was the defendant's note." [To the same effect is Arfridson v. Ladd, 12 Mass. Rep. 173.]

Where one undertakes to represent another, and in that character makes a contract, without or not within the limits of a legal authority, he renders himself personally responsible. This being a well established principle, reason concurs with the law in maintaining, that the responsibility thus incurred, shall not be discharged, and the party contracted with, forced to look to another person against his consent.

But it is argued for the defendant, that although he may be

liable to the plaintiff, yet he cannot be charged in an action upon his acceptance; but a special action on the case for having exceeded his authority, is the proper remedy. If the acceptance had been made in the name of the corporation, the argument would be entitled to great consideration; but such is not the case. The acceptance, we have seen, *prima facie*, is the personal engagement of the defendant to pay the bill—it is one on which he is suable; and if he fail to show that he made it in his official character, in virtue of an authority for that purpose, the plaintiff is entitled to judgment.

As it will follow from the view we have taken of this cause, that it must be sent back for another trial, it may be well to express our opinion upon the argument of the plaintiff's counsel, that the evidence in explanation of the transaction was inadmissible under the issue, because the defendant's plea was not verified by affidavit. By the 3d section of the act of 1811, "regulating judicial proceedings in certain cases, and for other purposes," it is enacted, that it shall not be lawful for the defendant in any suit, "to deny the execution" of any writing, the foundation of an action; unless it be by plea supported by affidavit. [Aik. Dig. S. 137, p. 283.] The evidence adduced by the defendant does not deny, that the acceptance was made by him; it supposes in fact, that it was made with his hands, but upon the account of the corporation he professed to represent. According to the strict import of language, then, the evidence does not deny the execution of the writing sued on; yet, its tendency is a direct denial of the act. The declaration charges, that the bill was accepted by the defendant, and by the evidence, the defendant seeks to show, that the acceptance though, with his hand, is not obligatory upon him. Now the statute cannot be literally interpreted, or it would fall short of effecting the purpose proposed by the legislature. We understand the meaning of the act to be, that a plea which denies, that the writing declared on, is the defendant's act *in law*, or in other words, insists that it was not intended to impose a legal obligation, or duty upon him, comes within the spirit and intention of the act, and must be verified by affidavit. The defence in the present case, is of that character, and therefore, cannot be made under the plea in the record. [Fowlkes & Co. v. Baldwin, Kent & Co., at this term.]

., If it were a mere legal question, upon an inspection of the paper, whether the defendant was personally responsible, then the plea would have been regular, though not accompanied with an affidavit.

This view disposes of the case, and we have only to say, that the judgment must be reversed and the cause remanded.