May v. Hewitt, Norton & Co.

MAY *vs.* HEWITT, NORTON & CO.

[ACTION AGAINST OWNER OF STEAMBOAT, ON BILL OF EXCHANGE DRAWN BY CLERK, AND ACCEPTED BY CAPTAIN.]

1. *Admissibility of parol evidence to explain acceptance of bill.*—In an action against the owner of a steamboat, seeking to charge him as the acceptor of a bill of exchange, which was drawn by the clerk on the owner, and accepted by the captain, if it is doubtful from the face of the bill whether the acceptance imports a personal liability on the captain, parol evidence is admissible to show that such acceptance was intended to bind the owner, and that he authorized it to be made in that name and form.

2. *Liability of owner of steamboat on acceptance of bill by captain.*—If the owner of a steamboat, on whom a bill is drawn by the clerk, addressed to "the owner of steamboat M.," authorizes the captain to accept for him, by writing his own name, with the addition of the word "captain," across the face of the bill; and the acceptance is made by the captain in that name and form,—such acceptance is binding on the owner.

3. *Implied admission.*—A conversation between the plaintiff's agent and the defendant, relative to the bill of exchange on which the latter was sought to be charged as acceptor, under an acceptance by another as his agent;

in which conversation, the defendant did not deny his liability on the acceptance, but asserted that a third person, to whom he had sold the steamboat, ought to pay a part of the amount, because the bill was drawn on account of the insurance of the boat, and the policy was unexpired at the time the boat was sold,—is competent evidence against the defendant, as an implied admission of his liability on the acceptance.

APPEAL from the Circuit Court of Mobile. Tried before the Hon. JOHN E. MOORE.

THE complaint in this case was in these words:

"Hewitt, Norton & Co. ⎱ The plaintiffs claim of the
            *vs.*      ⎰ defendant the sum of four hun-
   James T. May.     dred and fifty-one dollars, with interest thereon, for that whereas, heretofore, to-wit, on the 11th November, 1852, said defendant was the owner of a steamboat called the *Messenger*, and one Frank Bell was the clerk, and B. W. Bell the captain thereof, and also agent of the defendant; and that said B. W. Bell, as such agent, was authorized by said defendant to accept in the name of B. W. Bell, as captain, for said defendant, owner of said steamboat, and on his account, the draft hereinafter described; and that, being so authorized, the said B. W. Bell, as such agent, and for and on account of said defendant, did then and there accept a draft, or bill of exchange, by writing across the face of it thus, 'B. W. Bell, capt.,' drawn on the day and year aforesaid, by said Frank Bell, clerk of said boat, addressed to the defendant, owner thereof, by the description, 'To the owners of S. B. *Messenger*,' (meaning of the steamboat *Messenger* aforesaid,) for the sum of four hundred and fifty-one dollars, payable nine months after the date thereof, at the counting-house of May & Van Hook in New Orleans, to the order of R. Burge, president of the Falls-City Insurance Company, by whom said draft was endorsed to plaintiffs; which draft still remains unpaid.

"And for that whereas, also, heretofore, to-wit, on the 11th November, 1852, the said defendant, by B. W. Bell, his agent, thereunto lawfully authorized, and captain of a steamboat called the *Messenger*, whereof said defendant was the owner, accepted another draft, or bill of exchange,

by writing across the face of it thus, 'B. W. Bell, capt.,' drawn on the day and year aforesaid, by Frank Bell, clerk of said boat and keeper of the accounts thereof, and addressed to said defendant, by the description, 'To owners of S. B. *Messenger*,' (meaning thereby the owner of the said steamboat *Messenger*,) for the sum of four hundred and fifty-one dollars, payable nine months after the date thereof, at the counting-house of May & Van Hook in New Orleans, to the order of R. Burge, president of the Falls-City Insurance Company, and by him endorsed to the plaintiffs; which draft is still unpaid."

The defendant demurred to the complaint, "in short by consent," on the following grounds: "1st, that it is not alleged that the bill was drawn on the defendant by name, or accepted in his name, but was accepted in the name of 'B. W. Bell, capt.;' and, 2d, that it does not show a legal liability of the defendant." The demurrer having been overruled, the defendant filed the following pleas, "in short by consent:" "1st, he denies all the allegations of the complaint; 2d, he says he did not accept the bills of exchange, or either of them, mentioned in the complaint, in the manner and form therein alleged; and, 3d, he denies that said B. W. Bell was authorized by him to accept said bills of exchange, or either of them." An affidavit to the second and third pleas was waived, and issue was joined on all of them.

On the trial, as appears from the bill of exceptions, the plaintiffs introduced one Thomas Adams as a witness, who testified as follows: "That the defendant, in November, 1852, was the owner of the steamboat *Messenger*, which was then at Louisville, Kentucky; that Frank Bell was then the clerk of said boat, and B. W. Bell captain; that the signature of the drawer of the bill sued on was in the handwriting of said Frank Bell, and the acceptance in the handwriting of B. W. Bell; that said boat was built under their superintendence, during the summer and fall of 1852, at Louisville, Kentucky, for the defendant; that the Falls-City Insurance Company was an insurance company at Louisville, accustomed to insure boats; that said bill, after its maturity and non-payment, was

sent by the holder to witness and his late brother, who were merchants in partnership in Mobile, to be placed in the hands of an attorney for suit; that it was received during his absence, by his brother, since deceased, and placed in the hands of an attorney for collection; that witness and his brother were grocery-merchants in Mobile, and had been steamboat-captains; that defendant, after he was sued, had frequent conversations with him about it, in which he said that Capt. J. J. Cox ought to pay a part of the claim, because it was given *for the insurance* of said steamboat, which he had sold to said Cox before the policy was out; that he told witness, that he had had a conversation with witness' brother, and had informed him of the same thing; that defendant further said, it would be unjust to make him pay the whole; that witness then informed him, that they had received the claim only as agents for collection, and had no authority to settle it by compromise; that defendant did not, in any of these conversations, say that he had not given Capt. Bell authority to accept the draft for him, or that he had no authority, but only objected to paying the whole of the claim, because, as he said, Cox ought to pay a part of it for the reason stated; that he did not say he had given Bell authority to accept for him; that the bill was not present, and nothing was said about Bell's authority to accept it or not. Said witness further testified, that the *Messenger* was sold by the defendant to Cox in the spring of 1853."

"No other witness was examined on either side, and no other was offered to prove any authority from the defendant to B. W. Bell to accept said bill. The plaintiffs then offered to read said bill in evidence to the jury. The defendant moved to exclude it from the jury, on the ground that said evidence was not competent and sufficient in law to go to the jury, to show that the defendant authorized said Bell to accept said bill. The court overruled the objection, and allowed the bill to be read in evidence to the jury; to which the defendant excepted. Said bill was as follows:

"Exchange for $451.    Louisville, Ky., Nov. 11, 1852.

Nine months after date of this my first of exchange, (second unpaid,) pay to the order of R. Burge, president Falls-City Insurance Company, four hundred and fifty-one dollars, value received, payable at the counting-house of May & Van Hook, New Orleans.

"FRANK BELL, Clerk.

" To Owners of S. B. *Messenger*, New Orleans."

Acceptance endorsed : " B. W. Bell, Capt."

" This being all the evidence, the plaintiffs asked the court to charge the jury as follows : 'That if they believed from the evidence that the defendant, after the claim was sent by plaintiffs to the Messrs. Adams for collection, and again while suit was pending on it against him, had conversations with the Messrs. Adams in reference to said bill, in which he never denied the authority of Bell to accept the draft for him, but, admitting that he ought to pay a part of it, asserted that Cox ought to pay the balance, because said boat was sold to him before the policy of insurance expired,—this is lawful evidence, as an admission by defendant that Bell was authorized to accept the bill.    The court gave this charge, and the defendant excepted.

" The court, however, further charged the jury, that the conversations detailed by Adams were not sufficient evidence of an admission by the defendant of authority in Bell to accept for him, unless, with a full knowledge of all the facts and circumstances, he ratified or recognized the act of Bell in accepting the bill as his act; and that an admission by defendant that he was bound to pay a part of the premium of insurance on the boat, would not be an admission that Bell was authorized to accept said bill for him."

The errors now assigned are, the overruling of the demurrer to the complaint, the admission of the bill in evidence, and the charge given at the instance of the plaintiffs.

WM. G. JONES, for the appellant.

A. R. MANNING, *contra.*

RICE, C. J.—When it is doubtful from the face of a contract, not *under seal*, whether it was intended to operate as the personal engagement of the party signing, or to impose an obligation upon some third person as his principal, parol evidence is admissible to show the true character of the transaction; especially, if the right of a *bona-fide* endorsee is not prejudiced thereby.—Lazarus v. Shearer, 2 Ala. 718; Deshler v. Hodges, 3 Ala. 509; McWhorter v. Lewis, 4 Ala. 198; Mott v. Hicks, 1 Cowen, 513.

That principle is applicable to the contract here sued on, as the same is described in the first count of the complaint. For, conceding that the acceptance, unexplained by evidence *aliunde*, imports, *prima facie*, a personal liability against B. W. Bell; yet enough appears from an inspection of the bill, the direction thereof, and the acceptance, to create some doubt as to that liability, and to justify the admission of parol evidence to show that the acceptance was intended to bind the defendant, that he authorized it to be made in that name and form, and that it does in fact bind him. The cases above cited, from our own reports, compel us to that conclusion, unless we overrule them; and we are not prepared to do that. See Trueman v. Loder, 11 Ad. & Ellis, 589; Collyer on Partn. § 408–410, *et seq.*

[2.] It is a necessary result from the principle recognized in those cases, that the plaintiff was authorized to set forth in his complaint the bill and acceptance, and, in connection therewith, to allege the existence of such facts as would show that the defendant was bound by the acceptance. The plaintiff was authorized to aver whatever he was authorized to prove. And if all the averments and matters set forth in the first count of the complaint are true, the defendant is liable on the acceptance. As the bill was directed to the owner of the steamboat, and the defendant was the owner, and authorized the acceptance to be made for him, in the name and form in which it was made, he is liable upon it.—Edwards on Bills and Notes, 81–83, and notes; Mott v. Hicks,

1 Cowen, 513; Trueman v. Loder, *supra;* Collyer on Part. *supra.*

If the suit here had been by a *bona-fide* endorsee without notice, against B. W. Bell, to enforce the personal liability against him which appears *prima facie* from the face of the instrument unaccompanied with explanation, then, perhaps, the rule that when a person has authority, as agent, to accept a bill for another, he must do it in such a manner as to show that it is the act of his principal, might prevent B. W. Bell from exonerating himself from personal liability. That rule is mainly designed for the protection of payees and *bona-fide* endorsees, who have no other notice of the transaction than such as is disclosed upon the very face of the instrument itself; and, of course, cannot be applied strictly between the parties to the present suit—*the endorsee* of the bill, and *the principal,* for whom the acceptance was really made by his authorized agent, in the authorized name and form.

As the first count of the complaint is good, and the demurrer was to the whole complaint; there was no error in overruling the demurrer, even if the second count be defective; but as to that count we decide nothing.

[3.] It appears from the bill of exceptions, that the charge excepted to was accompanied by another bearing on the same subject; the latter being consistent with, and explanatory of the former. We must, therefore, construe the charge excepted to in connection with that other, and with the evidence.—Barber v. Brace, 3 Conn. Rep. 9. Thus construing it, we understand it to assert, that if the defendant, both before and after suit brought, had the conversations referred to in the charge, with the Messrs. Adams, " *in reference to the bill sued on ;*" and if the tenor of those conversations was such as supposed in the charge, then the failure of the defendant, in those conversations, to deny Bell's authority to accept the bill for him, and his assertion that Cox ought to pay a part of the bill for a single specific reason, (to-wit, "because, before the policy of insurance expired, the steamboat *Messenger* was sold to him," Cox,) was *evidence* as an admission of defendant that Bell was authorized to accept the bill. The

charge does not assert that it was either *sufficient* or *conclusive* evidence, but simply that it was *lawful* evidence; and we think it entirely defensible.—Wheat v. Croom, 7 Ala. 349; Vail v. Strong, 10 Vt. R. 457.

We are unable to discover any error, and must affirm the judgment.