# Richmond Locomotive & Machine Works v. Moragne.

*Action on Promissory Notes.*

1. *Principal and agent; contract in name of principal.*—If an agent, in the execution of a promissory note, discloses his principal, makes it appear on the face of the paper that it is the contract of the principal, and sign it as agent, the principal is bound, the undertaking being within the agency, and the agent is not.
2. *Contract signed by agent not disclosing principal.*—If a principal is not disclosed on the face of the paper, and the party signing describes himself as agent, trustee, or the like, without more, it is the obligation alone of the party whose name is set to the paper, the superadded word or words being mere *descriptio personae,* to be disregarded as surplusage; and evidence cannot be received to show that he was in fact the agent or trustee, or the like, of an undisclosed principal, *cestui que trust,* or the like, and that the obligation was that of such other person.
3. *When both principal and agent are shown.*—If the paper discloses the names of two parties, either of whom may be the obligor, and it is doubtful from the whole instrument which of the two is intended to be bound, and the signer describes himself as agent, or as acting in other representative capacity, parol evidence is admissible to show that it is the obligation of the party named in, but not signing the paper.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

Richmond Locomotive and Machine Works, a corporation, sued J. M. Moragne, W. B. Beeson and C. W. Whorton on two promissory notes, one of which is as follows:

$338.79.   August 5th, 1890.   Six months after date we promise to pay to Richmond Locomotive and Machine Works, or order, three hundred and thirty-eight and 79-100 dollars, negotiable and payable at First National Bank, Gadsden, Ala., without offset, for value received.   This note having been given the said Richmond Locomotive and Machine Works as per contract, in part payment for 11x16 side crank engine and 40 H. P. return, tubular boiler,with fittings complete, it is hereby agreed that the ownership and title to said machinery remains in said Richmond Locomotive and Machine Works until this note is fully paid.   Should this note not be paid in full at maturity, the amount unpaid shall bear interest at seven per cent. per annum until paid, and counsel fees of ten per cent. on the amount due if collected by attorney.

P. O. Address Gadsden, Ala.

In presence of    (Signed)    J. M. MORAGNE,
    J. A. TALLMAN,                 W. B. BREESON,
        Judge of Probate.          G. W. WHORTON,
                        Board of Business Managers.

The other note for $350.34, of same date, due twelve months, is in form substantially the same as the above, and signed in the same way.

The defendants interposed the following sworn plea:

7. "Defendants say they were the board of business managers of the Etowah Alliance Manufacturing Co., a corporation under the laws of Alabama, that the purchase of the machinery, the consideration of the instruments sued on, was made by said corporation, said corporation having full power under its charter to purchase said machinery, it being necessary to enjoy its rights granted by its charter, and to execute its notes for the payment thereof, that the notes sued on were executed by defendants as board of business managers of said corporation and not otherwise, that as such board of business managers they had authority from said corporation to buy said machinery and execute said notes for the same, that plaintiff dealt with them as a corporation and that the debt now sued on was contracted by said Etowah Alliance Manufacturing Company as such corporation and not otherwise, and that plaintiff knew that said corporation bought this machinery itself, hence defendants say they are not liable

for said debt. Defendants make oath this plea is true."

To this plea the plaintiff demurred, setting forth among other grounds, that the plea does not show the manner in which the notes were executed, nor deny that the notes were so executed as to bind the defendants personally; nor show that they were executed in the name of Etowah Alliance Manufacturing Co.; nor that the name of said company appears on the face of said notes; nor that anything appears on the face of said notes rendering it uncertain whose notes they are.

The several grounds of demurrer were overruled.

On the trial the defendants introduced evidence tending to show the several facts alleged in the sworn plea. The plaintiff objected to all such evidence as offered on the ground that it is irrelevant, and immaterial, and tends to contradict or vary the terms of the notes sued on. The objections were overruled and plaintiff excepted. There was judgment for defendants. Plaintiff appeals.

O. R. Hood, for appellant.—To exonerate the appellees from liability on the notes, they must be made in the name of the principal, or the name of the principal must appear in such a manner on said notes as to show them to be the notes of the principal, or something must appear on the same that would render it doubtful whose notes they are, whether those of the Etowah Alliance Manfg. Co. If the notes are not signed in the name of the principal, then the name of the principal, or something to connect him with them, must appear on the face of the notes.—1 A. & E. Encyc. of Law, (2d ed.), 1035; *Ib.* pp. 1042, 1043, 1045, 1046, 1047, 1052, 1053 and 1145; *McTyre v. Steele,* 26 Ala. 487; Daniel on Negotiable Instruments, (3d ed.), pp. 300, 303, 305, 403, and 404; 1 Randolph on Com. Paper, pp. 131, 133, and 147; Byles on Bills, 37; *Wing v. Gleck,* 56 Iowa, 473; *Monticello v. Kendall,* 37 Am. Rep. 139; Central Law Journal, vol. 16, p. 342; *Lazarus v. Shearer,* 2 Ala. 718; *Gillispie r. Wesson,* 7 Port. 454; *Dawson v. Cotton,* 26 Ala. 591; *Nash v. Towne,* 5 Wall. 689; 1 Greenleaf on Evidence, 275; 1 McAll. (U. S.), 20; *Collins v. Buckeye State Ins. Co.,* 93 Am. Dec. 612; *Conner v. Clark,* 73 Am. Dec. 529; *Day v. Thompson,* 65 Ala. 269; *Avery & Son v. Miller,* 86 Ala. 495; *Drake v. Flewellen,* 33 Ala. 106; *Bell v.*

*Teague,* 85 Ala. 211; *Hall v. Cockrell,* 28 Ala. 507; *Fennel v. Hudson,* 82 Ala. 158; *Williams v. Robbins,* 77 Am. Dec. 396; *McClure v. Bennett,* 12 Am. Dec. 223; *Matthews v. Dubuque Mattress Co.,* 19 L. A. R. 676, and notes; *Stack v. Beach,* 39 Am. Rep., and note; *Armstrong v. Bolaske,* 46 Fed. Rep. 903.

BURNETT & CULLI, *contra.*—Plaintiff sold, extended credit, and delivered the machinery for which the notes were given, to Etowah Alliance Manufacturing Company, which accepted and used the machinery. Said company is bound by the act of its agent for the purchase price. Defendants, signing as a board of business managers, if they committed no fraud, or wrong, or omission, and made a full and honest disclosure of their authority, are not personally liable.—*Murphy & Co. v. Morgan,* 67 Ala. 467; *Collier v. Hammock,* 59 Ala. 453; *Drake v. Flewellen,* 33 Ala. 109-10; *May v. Hunt,* 33 Ala. 166; *Baker v. Gregory,* 28 Ala. 550; *Moore v. McClure,* 8 Hun. (N. Y.) 557; *Hicks v. Hindes,* 9 Barb. 528; *Merchants v. Central Bank,* 44 Am. Dec. 665.

McCLELLAN, J.—If an agent, in the execution of a promissory note, disclose his principal, make it appear on the face of the paper that it is the contract of the principal, and sign it as agent, of course the principal is bound, the undertaking being within the agency, and the agent is not. On the other hand, if a principal is not disclosed on the face of the paper, and the party signing describes himself as agent, trustee, or the like, without more, it is the obligation alone of the party whose name is set to the paper, the superadded word or words being mere *descriptio personae* to be disregarded as surplusage, and evidence cannot be received to show that he was, in fact, the agent or trustee or the like of an undisclosed principal, *cestui que trust* or the like, and that the obligation was that of such other person. And again, if the paper discloses the names of two parties, either of whom may be the obligor, and it is doubtful from the whole instrument which of the two is intended to be bound, and the signer describes himself as agent, or as acting in other representative capacity, parol evidence is admissible to show that it is the obligation of the party named in but not signing the paper.

These propositions are not only settled by the great weight of authority in other jurisdictions, but they have been several times declared and reaffirmed by this court and never departed from, as a critical examination of the cases relied on by the appellees themselves will demonstrate.—*Lazarus v. Shearer,* 2 Ala. 718; *Baker v. Gregory,* 28 Ala. 550; *Drake v. Flewellen,* 33 Ala. 106; *May v. Hewitt, Norton & Co.,* 33 Ala. 161; *Ware, Murphy & Co. v. Morgan & Duncan,* 67 Ala. 461; *Collins v. Hammock,* 59 Ala. 448. In all these cases where parol evidence was let in, the names of two or more possible obligors appear on the face of the instrument in such way as to render it doubtful from the paper itself which of them was intended to be bound, the question being thus brought within the category last above stated. This is not true of the instrument now before us. The only possible obligors upon it are those whose names are signed to it. The only other name upon the paper is that of the payee. The name of no other possible obligor being disclosed, the words "Board of Business Managers" following the signatures of the defendants, it being in nowise indicated of what or of whom they are business managers, are merely descriptive of the persons of the signers, and to be wholly disregarded as surplusage. Thus the case is brought within the second category above stated; and the defendants should not have been allowed to plead or prove that it was the intention of the parties to the note to bind the Etowah Alliance Manufacturing Co., of which they were the board of business managers, and not themselves individually. The rulings of the trial court were not in line with these views, and its judgment must be reversed. The cause is remanded.