TORBERT, Chief Justice
(dissenting from denial of rehearing).
I would grant rehearing. The central question is whether the contract binds Austin individually or whether Austin executed the contract on behalf of the corporation. The trial court found the contract to be ambiguous and admitted parol evidence to determine the intent of the parties. This Court found the contract to be unambiguous and reversed.
“If an agent in the execution of a contract ‘disclose his principal, make it appear on the face of the paper that it is *423 the contract of the principal, and sign it as agent, of course, the principal is bound, the undertaking being within the agency, and the agent is not. On the other hand, if a principal is not disclosed on the face of the paper, and the party signing describes himself as agent, trustee, or the like, without more [emphasis added by Lutz], it is the obligation alone of the party whose name is set to the paper, the superadded word or words being mere descriptio personae to be disregarded as surplusage, and evidence cannot be received to show that he was, in fact, the agent or trustee or the like of an undisclosed principal, * * * and the obligation was that of such person. And again, if the paper discloses the names of two parties, either of whom may be the obligor, and it is doubtful from the whole instrument which of the two is intended to be agent, * * * parol evidence is admissible to show that it is the obligation of the party named in but not signing the paper ’ — Richmond Machine Works v. Moragne, 119 Ala. 80, 24 South. 834, and cases therein cited; Roney v. Winter, 37 Ala. 277. Where the only suggestion that the signator is acting in a representative capacity exists in the use, after the signature only, of the words ‘agent,’ ‘trustee,’ or the like, the contract is regarded, prima facie, as imposing a personal liability on the signator alone, and the words stated, following the signature, are regarded as descriptio personae only. — Richmond Machine Works v. Moragne, supra; Briel v. [Exchange Nat. Bank], 172 Ala. 475, 55 South. 808. Of course, in such circumstances the other party may implead the signator for a breach of the contract; the contract, under such circumstances, being on its face the obligation of the signator only. — Lazarus v. Shearer, 2 Ala. 718, 726. ‘When it is doubtful from the face of a contract, not under seal, whether it was intended to operate as a personal engagement of the party signing, or to impose an obligation upon some third person as his principal, parol evidence is admissible to show the true character of the transaction.’ — May v. Hewitt, 33 Ala. 161, 166. ‘If the name of the principal appears in the instrument, and it is evident from the writing, as a whole, that the intention was that the principal, and not the agent, was the person to be bound, the principal alone will be bound, if the agent had authority to make the agreement’ [Emphasis added in Lutz.] — Roney v. Winter, supra.”
Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 625, 75 So. 284, 286 (1917). In Lutz the principals were joint owners of a ship and the contract in its first part described the parties and asserted the representative character of the agent and in the last part referred to an obligation on the part of the “vessel and owners.” The contract was apparently signed in the name of the agent only. The Court found the trial court in error for giving the general affirmative charge for the defendant on those counts asserting personal liability.
In B & M Homes, Inc. v. Hogan, 376 So.2d 667, 676 (Ala.1979), we said:
“It is clear in Alabama the agent for a disclosed principal can personally bind himself to the contract if he intends to add his personal guarantee. Chandler v. Hunter, 340 So.2d 818 (Ala.Civ.App.1976). See Sealy v. McElroy, 288 Ala. 93, 257 So.2d 340 (1972). Here there was sufficient conflicting testimony to create a jury question as to whether Morrow personally guaranteed the purchase contract. The issue of Morrow’s liability was also properly submitted to the jury because from the evidence it is questionable whether Morrow disclosed he was acting as an agent at the time appellees signed the purchase contract. The fact Morrow signed the purchase contract in his own name would indicate he did not disclose he was acting as an agent. It is a well settled principle of law that an agent who executes a contract on behalf of an undisclosed principal is liable on that contract if he fails to disclose the identity of his principal at the time of making the contract. 3 Am.Jur.2d, Agency, § 317. Furthermore, the fact Morrow signed the contract in his own name could in itself create personal liabil *424 ity on his part. See Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284 (1917); 3 Am.Jur.2d, Agency, §§ 188-192.”
The contract at issue refers to “A.F. Austin & Associates” and later to “AFA” and is signed by A.F. Austin without an indication that he signed as agent for a principal. Applying the law as set forth in Lutz and Hogan to these facts, I believe that the trial court was correct in finding the instrument to be ambiguous and in admitting parol evidence.[1]
JONES, ALMON and SHORES, JJ., concur.

. While this case is not governed by the UCC because it does not involve commercial paper, under Code 1975 § 7-3-403(2)(b), "if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity,” the immediate parties to the instrument can establish by parol evidence whether personal liability exists. See also Comment 3 to § 7-3-403.