JONES, Justice.
The Water Works and Sewer Board of the City of Prichard, Alabama (“the Board”), appeals from a denial of its summary judgment motion in a breach of contract action brought by Polyengineering, Inc., against the Board. We affirm.
On May 15, 1981, the State Board of Registration for Professional Engineers and Land Surveyors suspended the professional engineering license of Arnold Parsons, chairman of the board of Polyengi-neering, for four years because he violated applicable state regulations regarding professional ethics. On December 12, 1983, Parsons (“on behalf of Polyengineering”) and the Board executed a contract pursuant to which Polyengineering was to render professional engineering services to the Board. On July 7, 1987, the Board terminated its agreement with Polyengineering because of alleged problems with the work done by Polyengineering.
Polyengineering sued the Board, alleging breach of contract and asking for damages based on work and labor done and on a verified statement of account. The Board answered, denying Polyengineering’s allegations, and counterclaimed, also claiming breach of contract. By amendment to its answer and counterclaim, the Board alleged that its December 12, 1983, contract with Polyengineering for the professional services of that engineering firm was void as violative of Ala. Code 1975, § 34-11-1 et seq., because the contract had been executed on behalf of Polyengineering by Arnold Parsons, whose engineering license was suspended at the time of the execution of the contract.
The Board moved for a summary judgment based on its allegation that the contract sued upon was void. The trial court on April 21, 1989, denied the motion, basing its holding on the pleadings (the complaint, the answer, the amended answer, and the counterclaim); the memoranda of law in support of and in opposition to the motion for summary judgment; and the affidavit *1051 of Arnold Parsons filed by Polyengineer-ing. A jury returned a verdict in favor of Polyengineering, and the trial court entered judgment on the jury verdict. The Board appeals only the trial court’s denial of its motion for summary judgment.
On appeal, the Board makes several arguments in support of its contention that it was entitled to a summary judgment on the question of the validity of the underlying contract between the Board and Po-lyengineering. First, says the Board, at the time the instant contract was executed — December 12, 1983 — an Alabama professional corporation, such as Polyengi-neering, could not, as an entity, obtain a professional license or registration to perform the professional service of engineering. Rather, professional licenses and registrations were required of the individuals who would render the professional services; the Board cites the following statute:
“The practice of engineering or land surveying is a professional service, admission to which shall be determined upon a basis of individual personal qualifications. No firm, company, partnership or corporation can be registered. A firm, company, partnership or corporation may engage or offer to engage in the practice of professional engineering or land surveying in this state; provided, that before engaging in such practice the person or persons connected with such firms, companies, partnerships or corporations, acting in a professional capacity and in responsible charge of the practice of a professional engineering or land surveying for such organization in this state, is or are registered as herein required, or is or are otherwise authorized to practice as provided in this chapter. All drawings, plans, specifications, plats and reports involving the practice of engineering shall, when issued, be dated and bear the seal or facsimile of such seal or signature and registration number of the professional engineer in responsible charge thereof.” [1]
Ala.Code 1975, § 34-11-9(b).
Without question, the provisions of former chapter 11 of title 34 were intended to regulate the professions of engineering and land surveying, their statéd purpose being to “safeguard life, health, and property” by requiring that persons wishing to engage in these professions obtain the requisite state license and registration. See § 34-11-2. The regulation of this chapter, however, is directed to the practice of a profession and not to the execution of a contract by an agent on behalf of his principal. Indeed, while § 34-11-9(b) clearly prohibits a “firm, company, partnership or corporation” from obtaining a professional engineering registration, this same subsection allows the nonlicensed, nonregistered entity to offer to engage in the practice of professional engineering if its employees, through whom the services will be provided and who will serve as those “in responsible charge,” are registered professional engineers. Here, Parsons, on behalf of Polyen-gineering, signed a contract offering the professional services of Polyengineering through its registered professional engineer employees — an act authorized by the statute.
Section 34-11-1 contains the definitions applicable to the chapter. Subsection (4) defines “Practice of Engineering”:
“Any professional service or creative work requiring engineering education, training and experience and the application of special knowledge of the mathematical, physical and engineering sciences to such professional services or creative work as consultation, investigation, evaluation, planning the use of lands and waters, planning, design and supervision of construction for the purpose of assuring compliance with specifications and design ... wherein the public welfare or safeguarding of life, health or property is involved....”
*1052 Subsection (7) defines “Practice and Offer to Practice”:
“A person shall be construed to practice or offer to practice engineering or land surveying, within the meaning and intent of this chapter, who offers to or does as a profession practice any branch of engineering or land surveying; or who by verbal claim, sign, advertisement, letterhead, card or in any way represents himself to be a professional engineer, or through the use of some other title implies that he is a professional engineer; or who represents himself as able to perform or who does perform any engineering service.”
Subsection (8) defines “Responsible Charge” as:
“The direction of the design, evaluation, investigation, alteration, construction or maintenance of projects requiring initiative, professional skill, technical knowledge and independent judgment, or teaching experience with the rank equivalent to assistant professor or higher in an approved engineering curriculum.”
Our reading of these subsections and of § 34—11—9(b) convinces us that the execution of the contract for professional engineering services by nonengineer-agent Parsons on behalf of principal Polyengineering (a corporation that employs a staff of properly licensed and registered professional engineers for the 'performance of the corporation’s contracts for professional engineering services) did not contravene former Ala.Code 1975, § 34-11-1 et seq. See Richmond Locomotive & Machine Works v. Moragne, 119 Ala. 80, 24 So. 834 (1898).
The Board relies heavily on the case of Southern Metal Treating Co. v. Goodner, 271 Ala. 510, 125 So.2d 268 (1960), which held that “a contract to engineer, made by one not duly registered in accordance with the provisions of the Code, is void and unenforceable.” 271 Ala. at 516, 125 So.2d at 271. The facts of Goodner, however, make that case distinguishable from the instant case. The Goodner Court found that a licensed contractor had used the word “engineer” in a letter in which the contractor offered to install a furnace. The contractor himself was not a licensed engineer, nor did he employ professional engineers or advertise his business as an engineering firm. The Court held that conflicting factual evidence created a question for the trier of fact that had been properly resolved by the jury. Here, however, the evidence bearing on this issue presents no triable dispute. Indeed, the Board contended in its motion for summary judgment that it was entitled to judgment as a matter of law based on undisputed facts.
Both parties call the Court’s attention to the later case of McWhorter v. State Board of Registration, 359 So.2d 769 (Ala.1978), in which this Court considered the issue “whether use of the term ‘engineering’ in a business trade name, by a [machinery repairman] who is not a registered engineer and who employs no registered engineers, is a per se violation of [§ 34-11-1 et seq.].” While the unauthorized use of the word “engineer” or “engineering” is not at issue in the current appeal, a portion of the McWhorter holding is germane to the fact that Arnold Parsons, in signing the contract with the Board, clearly indicated that he was doing so “on behalf of Polyen-gineering.” In McWhorter we held that “[w]hen modifying words or explanatory words [e.g., ‘on behalf of’] are present, the inference of professionalism may or may not be present, and the public may or may not be misled or deceived. These, of course, would be questions properly addressed to the finder of facts.” McWhorter, supra, 359 So.2d at 774 (emphasis added).
The Board argues that, by virtue of Ala.Code 1975, §§ 10-4-223, -231, and -234, Arnold Parsons was legally disqualified from representing Polyengineering and that his affiliation with that professional association should have been severed; therefore, it argues the contract executed by Parsons on behalf of Polyengineering was void and unenforceable as a matter of law.
Former § 10-4-220 et seq., “Professional Corporations,” was specifically drafted to be construed so “as to effectuate its general purpose of making available to profes *1053 sional persons the benefits of the corporate form for the business aspects of their practices while preserving the professional aspects of the personal relationship between the professional person and those he serves.” § 10-4-239. The chapter’s definitional section is in accord with § 34-11-1 and defines “professional service” as “[a]ny type of professional service which may be legally performed only pursuant to a license to practice in the state of Alabama.” § 10-4-221(1). The definitional similarity between these two chapters convinces us that § 10-4-220 et seq. can not be applied in isolation to the facts 'of the instant case. Rather, we must interpret § 10-4-220 et seq. in the context of the definitions of § 34-11-1 and the substantive sections that follow it. Having done this, we hold that the trial court correctly denied the Board’s motion for summary judgment based on the Board’s allegations of Polyengineering’s violation of §§ 10-4-223, -231, and -234.
The Board also argues that the contract between Poly engineering and the Board was void and unenforceable because 1) Arnold Parsons’s signing the contract on behalf of Polyengineering violated § 10-4-223’s prohibition that “no officer or member of the board of directors who is not duly licensed to practice the profession for which the professional corporation was organized shall participate in any decisions constituting the practice of said profession”; 2) Polyengineering attempted to render a professional service through an unlicensed employee (Parsons), in violation of § 10-4-231; and 3) Polyengineering attempted to do through Parsons an act required to be done by a licensed professional engineer, in violation of § 10-4-232.
These provisions, however, were not violated by Parsons’s executing the contract between the Board and Polyengineering on behalf of Poly engineering. The Board produced no evidence that Parsons participated in the professional engineering decisions that resulted in the contract terms agreed upon by these parties. Further, there was no proof that Parsons, in signing the contract on behalf of Polyengineering, was attempting to render a professional engineering service to the Board, nor was there evidence that Polyengineering was attempting to provide a professional engineering service to the Board through an unlicensed engineer by authorizing Parsons to sign a contract on behalf of the corporation. We find no statutory authority to support the Board’s contention that Parsons’s inability to legally practice the profession of engineering resulted in an incapacity to sign a contract as an authorized agent of Polyengineering. Finally, the Board contends that the contract between the Board and Polyengineering was a nullity as a result of Poly engineering’s and Parsons’s violations of § 10-4-234, which reads as follows:
“If any officer, shareholder, agent or employee of a professional corporation becomes legally disqualified to render professional service within this state ..., he shall sever all employment with, or financial interest in, such corporation forthwith. A corporation’s failure to require compliance with this section shall be a ground for the forfeiture of its franchise. When a corporation’s failure to comply with this section is brought to the attention of the secretary of state, the secretary of state shall certify that fact to the attorney general for appropriate action to dissolve the corporation.”
The “Professional Corporations” statute (former Ala.Code 1975, § 10-4-220 et seq.) is not a regulatory provision and does not render void the contracts made by corporations violating its terms. See McWhorter, supra. As was pointed out above, the specific purpose of this statute was to make the corporate form of business available to professional associations. See § 10-4-239.
Furthermore, we hold that alleged violations of § 10-4-234 would not entitle the Board to the remedy of having this contract declared void and unenforceable. Section 10-4-234 provides that a violation of its terms can result in the loss of a corporation’s franchise or in the dissolution of the corporation after the appropriate action has been taken by the attorney general. The statute does not, however, pro *1054 vide for the voiding of contracts entered into by the corporation, nor does it provide for a cause of action against the corporation by the party contracting with the corporation. Moreover, the Board does not contend that the services performed by Po-lyengineering were performed by other than its properly licensed agents and employees.
The Board has not demonstrated that it was entitled to a judgment as matter of law on any of the issues raised in its motion for summary judgment. See Schoen v. Gulledge, 481 So.2d 1094 (Ala.1985). Therefore, the trial court was correct in denying the motion for summary judgment, see Rule 56(c), A.R.Civ.P., and the judgment for Polyengineering is hereby affirmed.
Polyengineering has also filed with this Court a Rule 38, A.R.Civ.P., motion for damages, costs, and attorney fees that allegedly were incurred as a result of the Board’s filing a frivolous appeal. Because the Court holds that the appeal raises substantial disputed issues, the motion is denied.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. We are aware that the majority of the sections of Chapter 11 of title 34, Ala.Code 1975, have been replaced by the amendments enacted as part of Acts 1984, 1st Ex.Sess., No. 84-792, effective June 13, 1984. The former provisions, however, were effective at the time these parties executed the contract in issue here and will guide the resolution of the issues presented by this appeal.