SAWYER VS BALLEW.

*As to the form of action for an escape in forcible de-
    tainer.*

1. An action upon the case lies against a sheriff for the escape
   of a defendant under proceedings for an unlawful detainer,—
   notwithstanding the penalty given by statute against a sheriff
   by the Act of 1805,

This was an action upon the case, by Sawyer
against Ballew, in the Circuit Court of Morgan : and
the plaintiff declared against the defefendant for
that, theretofore in a proceeding for forcible and
unlawful detainer, he had obtained judgment against
one Larkin R. Sawyer, before a justice of the peace,
upon which execution had issued against the said
Larkin, and under which he had been arrested. But
that the defendant had voluntarily suffered and per-
mitted the said Larkin to escape out of his custody,
&c., whereby the plaintiff was injured, &c.

To the declaration there was a demurrer which be-
ing sustained, judgment was rendered for the defend-
ant. The plaintiff here assigned the same in error.

*McClung*, for plaintiff in error.
*S. Parsons*, contra.

COLLIER, J.—The plaintiff brought an action
on the case in the Circuit Court of Morgan, against
the defendant, as sheriff of that county, for suffering,
and voluntarily permitting Larkin R. Sawyer, whom

he had previously arrested under an execution, regularly issued by a justice of the peace, on a judgment in a proceeding for an unlawful detainer, to escape and go at large. To the plaintiff's declaration, setting out these facts, the defendant demurred, and his demurrer was sustained by the Court.

In considering the judgment on the demurrer, it will only be necessary to enquire, whether the form of action adopted, will lie upon the state of facts disclosed by the declaration.

At common law, the appropriate remedy for an escape was an action on the case, in which the measure of damages was the injury sustained—*Colby vs Sampson.** *5Mass. R. 310.

In England, and some of the States, an action of debt is given by statute for an escape on *final process.*† In this action, the plaintiff is entitled to recover at once the sum for which the prisoner had been charged in execution.‡ Though the action of debt has been given by statute, and is often to be preferred as a remedy, yet a plaintiff may prosecute this action or case at his election—the statutory remedy never having been held exclusive of that afforded by common law, but rather esteemed as cumulative.§ †1 Saund. P. & E. 479, 484. ‡2 T. R. 132;6John. Rep. 270; 7Mass.377 §1 Saund. on P. & E.

It is, however, argued, that conceding the justness of all these propositions, they do not furnish any authority for the maintenance of this action : that by the seventeenth section of the act relating to the proceeding by "Forcible entry and detainer," the sheriff is subjected to a forfeiture of two hundred dollars to the party aggrieved, for a neglect or refusal to execute or return any precept, writ, or other process, directed and delivered to him by virtue of that 484;6John. Rep. 270; 5 Mass. R. 310.

act: that the proceeding under that act, being unknown to the common law, the remedy prescribed by that law is impliedly excluded by the statute.

Without stopping to enquire, whether an escape comes within the provision of the act relied on, we are persuaded that the conclusion deduced from it, is not defensible. Had the statute been silent, as it regards the infliction of a penalty upon the sheriff, for a neglect or breach of duty, it is clear that one injured from either cause, might have adopted for his redress, the appropriate common law remedy. In some cases, the penalty imposed by statute would be inadequate to compensate the loss sustained. In such case, it cannot be supposed that the Legislature intended to leave a party remediless beyond the penalty ; and if in any case, the common law remedy is proper, it must be in all.

But we are relieved from considering this cause upon principle and the general analogies of the law, for in *Brown vs Chapman**—we discover that the very point was adjudged by the Court of King's Bench. In that case, the plaintiff brought an action on the case for falsely and maliciously suing out a commission of bankruptcy against him. The defendant insisted, that in as much as bankruptcy *did not exist at common law*, and the statute of 5 *George II*, had given a remedy upon a bond, for the penalty of 200*l.*, required to be executed by the party suing out the commission—therefore, the action did not lie. The Court were so clear that they stopped the counsel for the plaintiff ; Lord Mansfield remarking, " There is no clause in the act that *takes away* the common law remedy ; nor that says, that the

*6 Burr. R, 14, 18.

party shall not recover more than 200*l.* damages."—So an action will lie for wrongfully suing out an attachment, though a bond with surety, has been executed by the plaintiff, conditioned to satisfy the defendant in the attachment, all costs and damages he may sustain by the wrongful suing out of such process; and this, though the remedy by attachment is given by statute— *Wilson* vs. *Outlaw.** *Ala. Rep. 367.

We are persuaded that the remedy by statute can, at most, be considered as only cumulative, and that the judgment must be reversed and the cause be remanded.