## ULRICK, et al. v. RAGAN.

1. When the declaration describes a writing as made by the defendants, *partners, under the firm, &c. of G. N. U. & Co.* it is not supported by producing a writing signed G. N. U. only, although the work for which the promise was made is in the same writing agreed to be done for *Doct. U. & Co.*

Writ of Error to the Circuit Court of Tallapoosa.

ASSUMPSIT, by Ragan, against Ulrick, Scott, Hopper, and Reidler, as partners, under the firm of G. N. Ulrick & Co. One count of the declaration sets out that the defendants by a certain contract in writing, agreed with the plaintiff, that if he should execute certain work in a certain manner, they would pay him a certain price.   Another count is for work and labor, &c.

At the trial, the plaintiff read in evidence a writing in these words, to wit :

67

Know all men by these presents, that I, Wm. P. Ragan, hath this day agreed to build a cistern three hundred feet long for Doct. Ulrick & Co. at their mill, to convey the water from their dam to the mill house. The cistern to be about eight feet wide, six feet high, to be planked as high as necessary, and to be done in a workmanlike manner; and the above company is to furnish all the materials at the place—and for and in consideration of the above work, the said Ulrick has agreed to pay the said Ragan $222. This is signed by G. A. Ulrick and W. P. Ragan.

On this evidence, the defendants requested the court to charge, that the plaintiff was not entitled to recover on the special count.

This was refused, and the refusal is now assigned as error.

CHILTON, for the plaintiff in error, insisted, the contract was individual to Ulrick, and the firm not bound by it. [Story on Prom. Notes, § 34, 35; Story on Bills, § 53; 11 Mass. 29; Lazarus v. Shearer, 2 Ala. Rep. 718; 10 Wend. 271; Chitty on Bills, 22.]

FALKNER and S. F. RICE, contra, cited, Lazarus v. Shearer, 2 Ala. Rep. 718; Deshler v. Guy, 5 Ib. 186.] The special count should have been denied on oath. [Minge v. Curry, 5 Ala. Rep. 168; Alston v. Heartman, 2 Ib. 699; Story on Prom. Notes, 38; do. on Bills, 66.]

GOLDTHWAITE, J.—1. The decisions made by us in Lazarus v. Shearer, 2 Ala. Rep. 718, and Deshler v. Guy, 5 Ib. 186, have no influence on this case, for the reason that no attempt is made here to plead the writing offered in evidence. If the special count had set out the instrument, and averred it was made by the defendants under the name of G. N. Ulrick, then, under those decisions, as well as that of Fowlkes v. Baldwin, 5 Ala. Rep. 705, it is quite probable they would have been concluded, unless the execution by them, in law as well as in fact, had been denied by oath. But nothing more is stated in the special count, than a written contract

by the defendants, as partners under the firm name of G. N. Ulrick & Co. The writing in evidence is *prima facie* that of G. N. Ulrick, alone . It is difficult to suppose a more obvious instance of variance. See in connection with the subject, Stackpole v. Arnold, 11 Mass. 27 ; Prontz v. Stanton, 10 Wend. 272 ; Emby v. Lye, 15 East, 7 ; U. S. Bank v. Binney, 5 Mason, 176 ; Ethridge v. Binney, 9 Pick. 272.

In our judgment, the court should have given the instructions asked for.

Judgment reversed, and cause remanded.