## MAY & BELL *vs.* MILLER & CO.

[ACTION UNDER CODE AGAINST OWNERS OF STEAMBOAT, ON BILL OF EXCHANGE DRAWN BY CAPTAIN, FOR REPAIRS.]

1. *Bill not admissible under common counts, unless proved.*—A bill of exchange is not admissible evidence under the common counts, unless its execution is proved.

2. *Variance between instrument declared on and that offered in evidence.*—Whatever may be the effect of the provisions of the Code, on objection raised to the complaint, in dispensing with the necessity for the same technical precision which was formerly required in a declaration; yet where the instrument offered in evidence varies from that described in the complaint, the variance renders it inadmissible.

3. *Drawer's name must be inserted or subscribed.*—To hold one liable as the drawer of a bill, his name must be either inserted in it or subscribed to it.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by J. C. Miller & Co. against James T. May and Bushrod W. Bell, and the complaint was as follows:—

"James C. Miller and William Miller, partners under the firm of J. C. Miller & Co., claim of James T. May and Bushrod W. Bell the sum of $900, for work and labor performed on the steamboat Messenger, and for materials furnished on the same, of which boat said defendants were the owners, and said work done and materials furnished by plaintiffs at their request; and plaintiffs claim interest thereon from November 21, 1852.

"The plaintiffs claim of the defendants, also, the sum of $900, on an account stated between the plaintiffs and defendants on November the 21st, 1852; which sum, and interest thereon, are now due, and the property of the plaintiffs.

"The plaintiffs claim of the defendants, also, the sum of $900, due to them by a draft, or bill of exchange, drawn by said Bell on behalf of himself and said May, on J. J. Cox, Mobile, of which acceptance was refused; said bill bearing date November 21st, 1852, drawn payable at six months after date, in favor of the plaintiffs, and protested for non-acceptance on December 20th, 1852; and plaintiffs claim interest and damages, pursuant to law, on this bill, which is their property."

The defendants filed but one plea—to-wit:

"The defendants state, as a plea to the 1st, 2d, and 3d counts of the complaint, that the plaintiffs undertook and promised to paint and do the glazing of the steamboat Messenger in a workmanlike manner, and in all respects similar to the same sort of work done by said plaintiffs for and on the steamboat Magnolia, and that it was in consideration of the said promises that the defendants promised to pay the said moneys mentioned in said complaint, and that said plaintiffs did not paint and glaze said steamboat Messenger in accordance with their said promises, or perform their said promises; and this the defendants are ready to verify, and of this they put themselves on the country."

On the trial, the plaintiffs offered in evidence a bill of exchange, with the protest thereof, of which the following is a copy:

"Exchange for $900.   Louisville, Ky., November 21, 1852.

" (The drawers and endorsers waive notice of non-acceptance and non-payment of this bill, and protest to be evidence of presentment.)

" Six months after date of this our first of exchange (second of same tenor and date unpaid), pay to the order of J. C. Miller & Co., for painting, glazing, &c., nine hundred dollars, value received, and charge the same to account of steamer Messenger and owners.

"To Capt. J. J. Cox,    }    B. W. Bell, Capt."
    at Mobile, Ala.    }

Endorsed on the back " J. C. Miller & Co."

" The plaintiffs offered no other testimony, and closed their case.   To the reading of said bill of exchange in evidence, and the protest thereof, defendants, by their counsel, objected, on the ground that it varied materially from that described in the complaint, and that neither the bill nor protest so offered showed any liability against the defendant May ; and asked the court to exclude the same from the jury.   But the court overruled the objection, and permitted the said bill and protest to go to the jury ; and the court instructed the jury, that if they believed the evidence, it was sufficient to authorize them to find for the plaintiffs, for the amount of the bill, ten per cent. damages, interest, and protest.   To all which defendants excepted", and which they now assign for error.

J. C. Bolling assigned errors for appellants.

Geo. N. Stewart, *contra*, submitted a brief for appellees.

CHILTON, C. J.—There was no proof of the execution of the instrument, and consequently no question is raised as to its admissibility under the common counts.   It must, therefore, be admissible under the allegations contained in the special count, or it was improperly received.

The counsel for the appellees seems to think, that since the Code, the same precision is not required in a complaint as was formerly necessary in declarations, and that it is sufficient if reasonable notice be afforded to the defendant of what he is called upon to answer ; that since the defendant has the right to demand of the plaintiff the exhibition of the

instrument declared on, so as to enable him to make his defence, the necessity for specific averments to prevent surprise does not exist. However this may be upon objection raised to the complaint, we are of opinion, nevertheless, that where the instrument produced in evidence varies from that described in the complaint, it is inadmissible ; and no inconvenience can result from adhering to this rule, since ample provision is made for amending the complaint, so as to avoid the variance.

The complaint is that Bell made the note declared on, not for himself alone, but for and on behalf of himself and May. It is described as the bill of Bell and May, that is, in legal effect. But the bill produced is not the bill of Bell and May. The name of the latter nowhere appears on it ; nor is it even averred in this count that he was one of the owners of the steamboat Messenger, on whose account, without naming them, the bill appears to be drawn by Bell as captain. It is very clear, we think, that the bill produced is not, in legal effect, the one declared on; and it was, therefore, improperly admitted.

Whether the bill is such as would, under any averment, authorize a recovery against both Bell and May, the latter being *prima facie* a total stranger to it, and Bell drawing it as captain on account of the steamboat Messenger and owners, is a question not now before us, and consequently we leave it undecided. It is clear that the name of the drawer must be inserted, or subscribed, to hold him liable.—Smith's Mercantile Law, (ed. of 1854) p. 277; Fenn v. Harrison, 2 Durn. & East, 177.

As the court erred in admitting the bill as evidence under the averments in the complaint, and in charging that the proof, if believed by the jury, authorized them in finding for the plaintiffs, the judgment must be reversed, and the cause remanded.