## WELLS VS. STEELE.

1. STATUTORY REMEDY.
   A statutory remedy, express or implied provision to that effect, does not exclude the remedy afforded by the common law, but is cumulative.

2. ————: Same.
   The right of action provided by statute on the bond of a ferry keeper does not preclude a resort to the common law action for negligence.

3. ————: *Jurisdiction of justices of the peace in damages.*
   Under the existing Constitution, a justice of the peace has jurisdiction of an action for damage to personal property by negligence in the keeping of a ferry, when the amount is one hundred dollars or less.

APPEAL from *Pulaski* Circuit Court.

Hon. SAM. W. WILLIAMS, Special Judge.

*Farr* and *Kimball*, for appellant.

*Terry, Terry & Vaughan, contra.*

ENGLISH, CH. J.:

Thomas W. Steele sued Claibourne C. Wells before a justice of the peace of Pulaski County, on a claim of $100 for damages done to his ambulance by the negligence of Wells, as the keeper of a public ferry on the Arkansas River. Steele obtained judgment before the justice for the sum claimed, and Wells appealed to the Circuit Court, where the case was tried by the court, sitting as a jury, and finding and judgment in favor of Steele for $51.75, the amount paid by him for repairing the ambulance.

Wells filed a motion for a new trial, on the grounds that the finding was contrary to law and evidence, and that the court erred in refusing to make declarations of law moved in his behalf. The motion was overruled, and he took a bill of exceptions, and obtained the grant of an appeal by the clerk of this court.

The bill of exceptions sets out all of the evidence introduced on the trial, the finding of facts by the court, and the declarations of law asked and refused, but makes no reference whatever

to the motion for a new trial; fails to make it part of the record, or to show that appellant excepted to the decision of the court overruling the motion.

The question, therefore, whether the court below erred in overruling the motion for a new trial is not before this court.

We have, however, looked into the transcript to see whether the justice of the peace had jurisdiction of the subject matter of the action.

The present Constitution gives justices of the peace jurisdiction " in all matters of damages to personal property where the amount in controversy does not exceed the sum of $100." Art. vii, sec. 40.

The claim of the appellee, as filed before the justice, was for $100 for damages to his ambulance while crossing, or attempting to cross, the Arkansas River, at appellant's ferry, caused by the negligence of appellant in failing to keep the river bank in repair, etc.

In other words, the suit was in the nature of a common law action on the case against the keeper of a public ferry for damages caused by his negligence.

That, by the common law, such an action could be maintained there can be no doubt. Addison on the Law of Torts, 471; 2 Robinson's Practice, 522; *Miles* v. *James et al.*, 1 McCord, 158; *Richards* v. *Fuqua's adm'rs*, 28 Miss., 792; *Whitmore* v. *Bowman*, 4 Green (Iowa), 148; *Fisher* v. *Chisbee*, 12 Ill., 345; *Slimmer* v. *Merry*, 23 Iowa, 90; *Wilson* v. *Hamilton*, 4 Ohio St., 722; *Sanders* v. *Young et al.*, 1 Head. (Tenn.), 219; *Harvey* v. *Rose*, 26 Ark., 3.

On the trial in this case, there was evidence conducing to show that the river bank at an old cut where the appellant's boat was landed to take on appellee's ambulance, which was below the usual place of landing, was out of repair, a gully having been washed out by rain along one side and diagonally across the cut. Mrs. Steele, regarding the descent to the boat as unsafe, got out

of the ambulance. The ferryman said to the driver (a colored man), " come on," and the driver and horses hesitating, on account of the unsafe appearance of the place of descent, the ferryman took hold of the reins of the horses and pulled them down to the b.oat, and the ambulance was thrown over, in descending, and the top broken.

These facts show the nature of appellee's cause of action.

The point was made in the court below, that the action should have been upon the bond of appellant, as the keeper of a public ferry, and we have considered this point in looking into the question of jurisdiction.

The statute provides that keepers of ferries shall give bonds, upon which suits may be maintained by persons damaged by their failure to comply with the condition of their bonds, etc. Gantt's Digest, Ch. 60, secs. 2913, 2924, 2929. But the party injured is not obliged to resort to a suit on the bond; the common law right of action against the keeper of a ferry for negligence was not taken away by the statute, but the remedy upon the bond, given by the statute, is cumulative. *Brown* v. *Chapman*, 6 Burr. R., 14–18; *Sawyer* v. *Ballew*, 4 Porter, 116; *Wilson* v. *Outlaw*, Ala. R., 367.

"Where a right originally exists at common law, and a statute is passed, giving a new remedy without any negative, express or implied, upon the old common law, the party has his election, either to sue at common law, or to proceed upon the statute, The statutory remedy is merely cumulative." Sedgwick on Con. of Stat., 75 ; Drake on Attachments, sec. 151.

The bond with sureties is required by the statute of the keeper of a public ferry for the better security of the public against damages by his failure or neglect to discharge his duties; but a party damaged by his negligence is not obliged to sue upon the bond, but may resort, as in this case, to the common law remedy.

The judgment must be affirmed.