# Riley v. Stallworth.

*Action by Surety against Principal, for Money Paid.*

1. *Surety's remedies against principal, for money paid.*—The summary remedy given by statute to a surety who has paid, in whole or in part, the debt of his principal (Rev. Code, § 3071), is cumulative merely, and does not preclude a common-law action.

2. *Statute of limitations; how pleaded to set-off.*—When the statute of limitations is pleaded to a set-off, the plea relates to the commencement of the action, and not to the time of filing the plea; and the validity of the set-off is preserved by the statute (Rev. Code, § 2647), if it was not barred when the plaintiff's cause of action accrued.

3. *Judgment against surety by confession or default.*—Although a surety, when sued, is prohibited from suffering judgment to go against him by confession or default, "if the principal debtor, on being notified of the pending suit, is willing to defend the suit at his own cost" (Rev. Code, § 3073); yet, if he suffers judgment to go against him without making any defense, and without notice to his principal, he may maintain a common-law action against his principal to recover the money paid on such judgment; but, in such case, he occupies the position of the creditor, suing on the original debt, and is bound to establish its validity, and to repel all defenses against it.

4. *What debts may be set off.*—Under the present statute of set-off (Rev. Code, § 2542), as under the former (Clay's Digest, 338. § 141), a debt due from the plaintiff to one of two or more defendants, sued jointly, may be pleaded as a set-off.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN K. HENRY.

This action was brought by Joseph J. Stallworth, against William A. Riley, to recover the sum of $525, with interest, alleged to have been paid by the plaintiff, on the 30th September, 1873, for the defendant, and on his implied request; and was commenced on the 14th August, 1874. The complaint contained the common count for money paid, and a special count, which averred that the money was paid "in manner as follows : The plaintiff in this suit brought suit in the Circuit Court of Conecuh county, on the 19th September, 1871, against James M. Butler and John W. Butler, on a certain promissory note for $1,000 made by them, payable to Cullen Mims or bearer, with some credits thereon indorsed, as described in the complaint in that case ; to which complaint the said John W. Butler pleaded as a set-off, among other things, a certain promissory note for $525, made by E. G. Riley & Co. and this plaintiff on the 6th May, 1861, and payable one day after date, to said John W. Butler; and at the fall term of said court, 1873, such proceedings were had

in said court, allowing said note as a set-off to the amount of the principal thereof, and extinguishing the plaintiff's said demand to the amount of $525 ; and a judgment was rendered against plaintiff, for an excess of $50. And plaintiff avers, that said W. A. Riley, the defendant in this suit, was a member of said firm of E. G. Riley & Co., the principals in said note ; and that this plaintiff was a surety on said note for them, and, as such surety, has paid the principal of said note as aforesaid for said defendant, at his implied request," &c. The defendant demurred "to the complaint," and assigned the following grounds of demurrer : " 1st, that the facts stated do not constitute a cause of action, inasmuch as the statute has pointed out a different remedy; 2d, that the complaint does not aver that either this defendant, or E. G. Riley, or any other member of the firm of E. G. Riley & Co., had notice of the set-off pleaded by said John W. and James M. Butler in the suit against them by said plaintiff." The court overruled the demurrer, and the defendant then pleaded, "in short by consent, payment, set-off, and the statute of limitations of six years, with leave to give any special matter in evidence;" and issue was joined on these pleas.

On the trial, as appears from the bill of exceptions, the plaintiff offered in evidence a certified transcript of his suit against the Butlers, which showed that the defendants in that suit pleaded the general issue and set-off, and that there was a judgment on verdict for the defendants, for $50, the excess of the note pleaded as a set-off over and above the note on which the action was founded ; and also the said note so pleaded as a set-off, as described in the complaint; and it was admitted by the defendant, that said E. G. Riley & Co. were the principals in said note, that said Stallworth was only their surety, and that said defendant was a member of that firm at the time said note was given. The defendant "objected to the introduction of this evidence, as irrelevant," and reserved an exception to the overruling of his objection. The evidence showed, also, that there was in fact no trial and verdict in the suit of Stallworth against the Butlers : that the parties and their attorneys met on a proposal to compromise, "when it was finally agreed that the defendants (Butlers) should lose the interest on their note, as usurious, and that the principal should be allowed as a set-off against Stallworth's action against them ;" and that the judgment was rendered, as on verdict, under a calculation based on this agreement. It was further proved, that neither the defendant in this suit, nor any other member of the firm of E. G. Riley & Co., had any notice whatever of

the proceedings in that suit, until after the rendition of the judgment.

"This was all the evidence in the case; and the court thereupon charged the jury, among other things: 1. That, according to the record evidence in the case, the note pleaded as a set-off by the Butlers, in Stallworth's action against them, was not barred by the statute of limitations at the time that action was commenced; and that, if it was not barred at that time, and if said J. W. Butler held it at that time, then said note was not barred when it was so pleaded as a set-off, as the statute of limitations would cease to run from the accrual of the plaintiff's right of action, which was at the commencement of his said suit as shown by said record. 2. That if the evidence shows that said plaintiff and the Butlers, being represented by counsel, got together with their counsel, and reduced the amount due on the note pleaded as a set-off by the Butlers, and agreed that they should have judgment, as by jury and verdict, for what was found to be in excess of plaintiff's demand; and that a judgment was rendered in accordance with this agreement; this would not be, in legal contemplation, a confession of judgment by Stallworth on the set-off, and no notice to the Rileys of the pendency of said plea of set-off would be necessary."

The defendant excepted to each of these charges, and requested the following charges, which were in writing: "1. That if six years had elapsed, from the time said note fell due, until it was pleaded as a set-off by the Butlers, not counting from the 11th January, 1861, to the 21st September, 1865; and if the defendant (Riley) himself had not made a payment on said note, nor promised in writing to pay the same, and did not waive his right to plead the statute of limitations at the time of the rendition of the judgment on said plea of set-off, or at any time before; then the plaintiff can not recover in this action.

"2. That if six years had elapsed from the time said note fell due up to the time the plea of set-off was filed, not counting the time between the 11th January, 1861, and the 21st September, 1865; and the defendant had not himself made a payment on said note, nor promised in writing to pay the same, this would have constituted a good defense to said set-off, so far as this defendant is concerned; and if the evidence further shows that neither said defendant nor said E. G. Riley had notice of the filing of said plea of set-off, and that plaintiff confessed judgment on said plea, or permitted judgment to go by default, then the plaintiff is not entitled to recover in this case.

"3. That if the jury find, from the evidence, that plaintiff made a compromise with the Butlers, one or both, by which he consented to admit the plea of set-off, and that judgment might be rendered against him for the excess, this would be a confession of judgment by plaintiff on said plea of set-off.

"4. That a payment made by one party to a note will not stop the running of the statute of limitations as to another joint obligor, not concerned in, nor consenting to such payment; and if it appears that the claim was barred, payments made on it will not avoid the running of the statute of limitations, unless the proof shows that they were made by the party sought to be charged.

"5. That if the suit was by Stallworth alone, against James M. Butler and John W. Butler, and the note pleaded as a set-off was the individual property of said John W. Butler; it was not a proper set-off, if it had been resisted, and would have been a proper defense by said Stallworth, under a sworn plea, denying the ownership by the Butlers of said note offered as a set-off to an action brought against them jointly."

The court refused each of these charges, and the defendant excepted to their refusal; and he now assigns as error the charges given by the court, the refusal of the several charges asked, the rulings of the court on the evidence, and the overruling of his demurrer to the complaint.

J. M. WHITEHEAD, for appellant.

J. W. POSEY, contra.

BRICKELL, C. J.—We do not suppose the appellee could have resorted to the summary remedy, given by the statute (R. C. § 3071), against a principal, in favor of a surety who has paid, in whole or in part, a judgment rendered against him, for the debt of the principal. That is not, however, material; for a statutory remedy of this kind is merely cumulative, not excluding the common-law remedy, and the plaintiff has the right to elect which he will pursue.—*Sawyer v. Ballew*, 4 Port. 116.

2. When the cause of action accrued to the appellee, on which the suit against Butler was founded, the statute of limitations had not perfected a bar to the debt pleaded as a set-off, on which the appellee was liable as the surety of the appellant. The statute expressly preserves the validity of the debt as a set-off, though time had operated a bar to its recovery when pleaded.—R. C. § 2647. Besides, the plea of

[Riley v. Stallworth.]

set-off related to the commencement of the suit, and the statute of limitations had not then operated a bar. The set-off was consequently good, although barred at the time the plea was filed.—Waterman on Set-off, § 94, p. 109.

3. We cannot perceive that the statute (R. C. § 3073), prohibiting a surety from confessing judgment, or submitting to a judgment by default, when sued alone, if the principal is willing to indemnify him, and to defend the suit, has any application to the facts of this case. We lay no stress on the fact, that there was not a suit against the surety by the creditor, but that the debt, on which the surety was liable, was pleaded as a set-off by the creditor to a demand the surety was prosecuting against him. Such a case may not be within the precise words, and yet come within the spirit of the statute. The manifest purpose of the statute was, to confer on the surety the right, by notice to the principal, of requiring him to intervene, and, after indemnifying the surety as the court should direct, to take upon himself the burden of the suit. If he failed to intervene, after such notice, the judgment against the surety would, in the absence of fraud, become conclusive against him, cutting off all defenses to the original debt. It was intended, also, to preclude the surety from submitting to a judgment, from the payment of which a new debt in his favor against the principal would arise, if the principal was willing to defend against such judgment, at his own cost. But, it was never intended, that the failure of the surety to give notice to the principal, of the pending suit, should bar a recovery from the principal of the amount the surety may have paid in extinguishment of the just debt which the principal was primarily liable to pay. Nor was it intended to compel the surety into useless and expensive litigation—to the defense of a suit, when no ground of defense existed. Nor was it intended to prevent him from confessing judgment, or submitting to judgment by default, taking upon himself, when suing the principal for indemnity, the burden of establishing the validity of the original debt, and repelling, as the creditor, if suing the principal, would have been bound to repel, all defenses against it.

A notice to the appellant, to intervene in the suit, in which the set-off of this debt against his surety, the appellee, was allowed, would, so far as the facts show, have been an invitation to enter into vexatious litigation. The only defense which could have been made was usury; and that the surety insisted on, reducing the amount allowed as a set-off, to the principal alone. What just cause of complaint can the appellant have, that he was not notified to appear and defend the suit; or that the appellee, having, by agreement with

the creditor, reduced the set-off to the amount legally recoverable, submitted to the judgment the law required to be rendered, without the farce of a trial, as if there was a real and honest controversy? The appellee invaded no right of the appellant, and deprived him of no defense to the original debt. The statute cannot be construed, as he would have it construed, that the confession of judgment by a surety bars his right of recovery from the principal, though the debt was just, and there was not a shadow of defense against it. If the appellee had voluntarily paid in money the debt to Butler, at the time of commencing suit against him ; or, if he had then accepted the debt from Butler, in satisfaction of the debt due from him, there could not have been the pretense of defense against his demand for reimbursement; and there is no more force in the defense now urged.

4. In *Huddleston v. Askey*, at present term, we re-affirmed decisions of this court, commencing in Minor's Reports, and continuing to the present day, whenever the question has been presented, that when two are jointly sued, the debt of the plaintiff to one of the defendants is a good set-off.

There is no error in the record, and the judgment is affirmed.