# Washington *v.* Timberlake.

### *Action on Injunction Bond.*

| 74 | 259 |
| 111 | 202 |
| 74 | 259 |
| 124 | 184 |
| 124 | 185 |

1. *Variance in description of bond.*—In an action on an injunction bond, brought by T. as sole plaintiff, the complaint averring that the condition of the bond was that the obligors " would pay *plaintiff* all such damages as *he* may sustain by the suing out of said injunction," and that they have failed "to pay *him* the damages *he* has sustained;" a bond payable to B. and T. jointly, and conditioned to pay them the damages they might sustain, is not admissible as evidence, the variance being material and fatal.

2. *Injunction bond, with condition awkardly expressed.*—An injunction bond, the condition of which is that, if the obligors shall pay the obligees " all damages they may sustain by the suing out of said injunc-

[Washington v. Timberlake.]

tion, if the same is dissolved, *then this obligation to remain in full force and effect,*" though awkwardly expressed, is not void.

3. *Attorney's fees as damages.*—Attorney's fees, for services rendered in procuring a dissolution of the injunction, are not recoverable as damages in an action on the injunction bond, unless averred and claimed as special damages in the complaint.

4. *Recoupment, and set-off.*—A claim of recoupment springs out of the contract or transaction on which the action is founded; a set-off is in the nature of a cross action, and may be a separate and independent demand not connected with the original cause of action.

5. *Statute of limitations to plea of set-off.*—When a set-off is pleaded, and the statute of limitations is replied thereto, the statutory bar is to be computed, not to the commencement of the action, but to the time when the plaintiff's right of action accrued (Code, § 2996); and if the claim was then barred, it is not a "legal subsisting claim," and is not available as a set-off.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Henry Bunn and John P. Timberlake, against William Washington and Walter Rosser; was commenced on the 15th April, 1875, and was founded on an injunction bond, executed by said defendants (jointly with W. A. Austin, since deceased), and conditioned as follows: "Now, if the said Walter Rosser, William Washington and W. A. Austin, or either of them, shall pay the said Henry Bunn and John P. Timberlake all damages they may sustain by the suing out of such injunction, if the same is dissolved, *then this obligation to remain in full force and effect.*" On the first trial of the cause, there was a verdict and judgment for the defendants, under the rulings of the court; but the judgment was reversed by this court on appeal, and the cause remanded, as shown by the report of the case.—*Rosser v. Bunn & Timberlake,* 66 Ala. 89-96. After the remandment of the cause, as the present record shows, the death of Bunn was suggested, and the cause was prosecuted to judgment in the name of Timberlake as sole plaintiff; and the pleadings were amended and changed, as shown in the opinion of the court. On the second trial, there was a verdict and judgment for the plaintiff; but numerous exceptions were reserved by the defendants· to the rulings of the court on the evidence, and in the matter of charges given and refused; and these several rulings are now assigned as error. The material facts appear in the opinion of the court, in connection with the former report of the case and the brief of counsel.

HUMES & GORDON, and ROBINSON & BROWN, for appellants. (1.) The bond offered in evidence ought to have been excluded, because there was a fatal variance between it and the allegations of the complaint.—*May & Bell v. Miller,* 27 Ala. 515;

[Washington v. Timberlake.]

*McLendon v. Godfrey*, 3 Ala. 181; *Ulrick v. Ragan*, 11 Ala. 529; *Forward v. Marsh*, 18 Ala. 645; *Jordan v. Roney*, 23 Ala. 758; *Smith v. Causey*, 28 Ala. 655; *Milton v. Haden*, 32 Ala. 30; *Fournier v. Black*, 32 Ala. 41; *Coal Mining Co. v. Brainard*, 35 Ala. 476; *Hunt v. Hall*, 37 Ala. 702; *Dickson v. Bachelder*, 21 Ala. 699. (2.) The condition of the bond, as expressed, is a repugnancy and absurdity, and renders the bond void.—*Steele v. Tutwiler*, 63 Ala. 368; *Copeland v. Cunningham*, 63 Ala. 394; *Hamner v. Hobbs*, 2 Stew. & P. 383; *Percival v. McCoy*, 13 Fed. Rep. 397, for October 10th, 1882; 2 Parsons on Contracts, 73–75. (3.) A demurrer was sustained to the count which claimed counsel fees as special damages, and there was no such claim or averment in the count on which the trial was had.—*Donnell v. Jones*, 13 Ala. 490; *Lewis v. Powell*, 42 Ala. 136. (4.) The sufficiency of the replication to the plea of set-off was tested by demurrer on the former trial, but this court held it insufficient; and a demurrer to it being interposed on the second trial, the court erred in overruling it.—*Rosser v. Bunn & Timberlake*, 66 Ala. 89. (5.) The rejoinder to the replication, to which a demurrer was sustained, was framed under the authority of *Hatchett v. Gibson*, 13 Ala. 587, which recognizes the right to recoup unliquidated damages, which would not be allowable as a set-off; and it is sustained by Sedgwick on Damages, 5th ed., 491. (6.) The court erred in its construction of the statute (Code, § 2996), when pleaded to a set-off. Under the decisions of this court before the adoption of the present statute, a legal subsisting demand was construed to mean a claim on which an action at law might be maintained (*McDade v. Mead*, 18 Ala. 214; *Shaw v. Yarbrough*, 3 Ala. 588); and the words in the present statute being so construed, a legal demand is available as a set-off, although an action on it might be defeated by a plea setting up the statute. The statute of limitations does not *kill* the claim, but, if pleaded, defeats an action founded on it.

STONE, J.—On the 15th day of April, 1875, the original complaint was filed in this cause, in favor of Henry Bunn and John P. Timberlake. This complaint was amended June 4th, 1881. In May, 1882, the demurrer to the complaint as amended was sustained, and leave granted to file an amended complaint, which was immediately done. The amended complaint makes no alteration of the original count, or its amendment, but consists in a single count, declaring on an injunction bond, payable to the register, in the sum of five hundred dollars, "with condition that defendants would pay plaintiff all such damages as he might sustain by the suing out of an injunction, if the same should be dissolved; and plaintiff avers that the condition of

[Washington v. Timberlake.]

said bond has been broken, in this, that said injunction has been dissolved, and defendants have failed to pay plaintiff the damages he has sustained." The count contains no further specification of damages. On the same day the original complaint was amended (June 4th, 1881), the death of Henry Bunn, one of the plaintiffs, was suggested, "and suit continued in name of other plaintiff." From that time forth, the suit stood in the name of Timberlake, as sole plaintiff. The trial was had on that count alone. So, when the amended complaint was filed (May 30, 1882), the name of Timberlake alone appearing as plaintiff, and that count containing no reference whatever to Henry Bunn, either as a party to the bond sued on, or as having any interest in the suit, we must treat the case as if the original count had been in the name of Timberlake alone. Nor is it averred any where in the pleadings that Bunn and Timberlake were partners. Thus construing the record, the count last filed, and on which the suit was tried, avers that the bond declared on bound the obligors to pay Timberlake all damages he might sustain by the suing out of the injunction, if the same was dissolved.

In support of his action, the plaintiff offered the injunction bond in evidence. It was objected to, as variant from the description given in the complaint. The condition expressed in the bond offered in evidence, is in the following language: "Now, if the said William Rosser, William Washington, and William A. Austin, or either of them, shall pay the said Henry Bunn and John P. Timberlake all damages they may sustain by the suing out of such injunction, if the same is dissolved," &c. The averment claims damages payable to one. The bond offered in evidence shows damages payable to two. This is such a variance as required the exclusion of the evidence.—*May v. Miller*, 27 Ala. 515; *McLendon v. Godfrey*, 3 Ala. 181; *Ulrick v. Ragan*, 11 Ala. 529; *Forward v. Marsh*, 18 Ala. 645; *Smith v. Causey*, 28 Ala. 655; *Milton v. Haden*, 32 Ala. 30; *Ala. Coal Mining Co. v. Brainard*, 35 Ala. 476; *Hunt v. Hall*, 38 Ala. 702.

2. Another objection is urged to the admissibility of the bond in evidence—namely, that the defeasance clause is repugnant to the obligation of the bond, and it is therefore worthless. The concluding clause of the defeasance is blunderingly expressed, but we do not think it avoids the bond. The bond is in the penalty of five hundred dollars, and binds the obligors, or either of them, to pay the said Bunn and Timberlake all damages they may sustain by the injunction, if the same is dissolved. The fault of the bond seems to be, that it leaves the obligors bound, notwithstanding they may pay all damages the

plaintiffs may sustain; in other words, that it has no defeasance clause.—*Copeland v. Cunningham*, 63 Ala. 394.

3.    The testimony offered, of attorney's fees paid or incurred in obtaining a dissolution of the injunction, should not have been received.    The complaint contained no averment to let in such evidence.—*Dothard v. Sheid*, 69 Ala. 135; *Pollock v. Gantt, Ib.* 373.

4.    There is no question of recoupment, shown either in the pleadings or evidence found in the record.    Recoupment applies, when the abatement claimed springs out of the very contract, or transaction, on which the recovery is sought.—Bouv. Law Dic.    It is entirely unlike set-off, which is in the nature of a cross action, and may rest on an independent legal demand, if that demand be of a class not sounding in damages merely. *Rosser v. Bunn & Timberlake*, 66 Ala. 89.

5.    The remaining question is set-off, of a sum alleged to be due from Bunn and Timberlake to Rosser, the principal obligor, being the statutory penalty for knowingly and willfully cutting down and removing trees from the lands of Rosser, without his consent.—Code of 1876, § 3551.    To this plea the plaintiff replied the statute of limitations of one year.—Code, § 3554. There was rejoinder to this replication, and demurrer to it, which require us to construe section 2996 of the Code of 1876. That section is in the following language: "When the defendant pleads a set-off to the plaintiff's demand, to which the plaintiff replies the statute of limitations, the defendant, notwithstanding such replication, is entitled to have the benefit of his debt as a set-off, where such set-off was a legal, subsisting claim, at the time the right of action accrued to the plaintiff on the claim in suit."

Certain features of this statute are so clear, that they need no interpretation.    The test-time is when the plaintiff's right of action accrued—not when he brought suit.    The set-off, to be available, must be a subsisting cause of action at that time. Applying the principle to this case, the set-off must have been a subsisting demand, when the injunction was dissolved.

What is the meaning of the word *subsisting*, found in this statute?    It is very true that the lapse of time prescribed in our statutes of limitation does not, *ex proprio vigore*, extinguish a moneyed demand.    It is a defense the defendant may interpose or not, at his option.    Failing to plead it, there will be a recovery, although the bar was complete before the action was commenced.    So, a debt barred by statute is so far a legal, as contradistinguished from a moral obligation, as to uphold a promise afterwards made to pay it, if expressed in legal form. Code of 1876, § 3240.    It is thus shown that a debt, against

[Memphis & Charleston R. R. Co. v. Whorley.]

which the statutory bar has run, is, in one sense, a *subsisting* demand.

We hold, however, that the word *subsisting*, as employed in the statute we are construing, has a more confined meaning, and that the precise object the legislature had in view was, that demands held by defendants when the adversary plaintiff's right of action accrued, if then free from the infirmity of age, should not afterwards lose their availability as a defense, by mere lapse of time. The following are some of the reasons in support of this interpretation. When parties have cross demands against each other, the real indebtedness is the excess of one debt over the other; and a debtor thus circumstanced has the option of suing on his demand, or of waiting till his adversary sues, and pleading his cross demand as a set-off. The statute comes in, in such case, and, in promotion of equality of right, permits the holder of the cross demand to hold it up until his adversary sues, and. in such conditions, does not compute time against him. If, however, the cross demand was barred when the plaintiff's cause of action accrued, it was not a *subsisting* demand within the meaning of this statute. Such is the clear implication of our ruling, in *Riley v. Stallworth*, 56 Ala. 481.

We need not apply these principles to the case before us. Some of the rulings of the Circuit Court are not in harmony with these views.

Reversed and remanded.